UNITED BONDING COMPANY, INC., through its President, Roger RICHMOND *v.* Floyd JOHNSON, Sheriff of Craighead County, Arkansas, and Bill WEBSTER, Municipal Judge, Craighead County, Arkansas

87-164 739 S.W.2d 147

Supreme Court of Arkansas
Opinion delivered November 9, 1987

468

*Wilson & Castleman*, for appellant.

*Henry, Walden & Davis*, for appellees.

ROBERT H. DUDLEY, Justice. Appellant, a licensed bail bond company pursuant to Ark. Stat. Ann. §§ 43-734 to -747 (Repl. 1977 & Supp. 1985), has previously engaged in posting bail in the City of Jonesboro, in the county of Craighead, and in the Second Judicial Circuit. In February of 1987, appellee Floyd Johnson, acting in his capacity as Sheriff of Craighead County, issued a directive to all of the personnel of his office not to accept bail bonds from appellant. The Sheriff had reason to believe that one of appellant's agents had bribed one of his employees. At the same time, appellee, Judge Bill Webster, acting in his capacity as Judge of the Municipal Court of Jonesboro, issued a similar directive to all employees of the Municipal Court. The appellant petitioned the Circuit Court of Craighead County for a Writ of Mandamus to compel the appellees to accept bail bonds from the appellant. The circuit court held that the actions taken by the appellees were within their discretionary authority and denied the writ. However, the circuit court, on its own motion, went further and entered an order suspending the appellant from issuing any bail bonds in the entire Second Judicial Circuit, which is comprised of six counties, for a period of forty-five days. After the expiration of the forty-five day period, the trial court entered its order making the suspension permanent in Craighead County only. We affirm the action of the trial court in denying the Writ of Mandamus, but reverse the order suspending appellant from issuing bail bonds in Craighead County.

▮ We first discuss the trial court's suspension of appellant's authority to issue bonds. The ruling was the same as a suspension of the appellant's license. In fact, the court stated in its finding of facts: "And I just want to point out that this court feels it has any power that the Insurance Commissioner would have in that regard, and that is the power of suspension. . . ." Although

a trial court may regulate the business of bail bondsmen acting in its court, the power to suspend such a license is in the Department of Insurance. *Miller* v. *Pulaski County Circuit Court*, 284 Ark. 55, 57, 679 S.W.2d 187, 189 (1984); Ark. Stat. Ann. § 43-740 (Repl. 1977). In an analogous federal situation, the Eleventh Circuit wrote:

> To the extent that the disqualification policy of the Southern District reflects the court's discretionary decision not to deal with a recalcitrant surety, it is not inconsistent with federal regulation. However, to the extent that it purports to bar the surety from writing any bonds in the district, without complying with the statutory method of disqualification, the court arguably engages in a practice reserved to the Secretary of the Treasury. Although the court always retains the discretion to create appropriate bail and bond conditions with respect to particular criminal defendants, the regulation of corporate sureties is basically an administrative function. The key to achieving the appropriate balance is to assure that the court actually is exercising the discretion anticipated for individual bond approval.

*American Druggists Ins. Co.* v. *Bogart*, 707 F.2d 1229, 1233-34 (11th Cir. 1983).

Similarly, to the extent that the trial court in the case at bar attempted to suspend the appellant's license, it engaged in a practice reserved to the Commissioner of Insurance. Ark. Stat. Ann. § 43-740. Accordingly, we reverse on this point.

Since we hold that appellant's license cannot be suspended by the trial court, we must reach the other issue of whether the trial court erred in refusing to command the sheriff and the municipal judge to accept appellant's bonds. We find no error in the denial of the writ of mandamus.

Appellant first argues that it was a violation of his due process rights for the appellees to prohibit a licensed bonding company from engaging in its occupation without prior notice and an opportunity to be heard. The argument may well have merit, but we do not reach it since the appellant did not ask the circuit court to compel appellees to give the appellant a hearing.

Instead, the appellant asked the circuit court to compel the appellees to "withdraw their administrative edicts and accept the company or its agents as sureties on bonds." Thus, the issue on appeal is whether the trial court erred in refusing to compel the appellees to accept the appellant as a surety on bonds. That issue is determined, in turn, by whether the appellees' duties are discretionary or ministerial, since mandamus will not lie to control an officer in a discretionary act.

In *Miller* v. *Pulaski County Circuit Court*, 284 Ark. 55, 679 S.W.2d 187 (1984), we pointed out generally that the admission to bail is part of the operation of trial courts. Specifically, it is the placing of an accused in the custody of someone selected by the accused to be his friendly custodian. The surety upon the bail has the power to arrest the accused. Ark. Stat. Ann. § 43-718 (Repl. 1977). The whole purpose is to insure the appearance of the accused at his trial date. Whether the bondsman will do his best to see that the accused makes his designated appearance, or whether the bondsman will make a timely forfeiture of the bond, is an important matter to be considered in the operation of the judicial system in this state.

In addition, with regard to appellee Webster, the municipal judge, Ark. Stat. Ann. § 43-745 (Repl. 1977) provides in part:

> [N]othing herein [the licensing act] shall be construed to preclude the presiding officer of a court from refusing to accept an insurer, professional bail bond company or professional bail bondsman as a surety on a bond, if in the judgment of the court such insurer or licensee has bail bond commitments exceeding that reasonably warranted by the insurer or licensee's net worth.

Accordingly, we hold that the passage of the general licensing act regulating the bail bond business does not remove the power of a court to reject a bond made by a licensed surety. The acceptance or rejection of a bondsman is a discretionary act, and mandamus will not lie to compel its performance.

With regard to appellee Sheriff Johnson, Ark. Stat. Ann. § 43-713 provides:

> The sheriff arresting a person under a warrant or other process, in which it shall appear that the person is to be

admitted to bail in a specified sum, may take the bail and discharge the person from actual custody. A sheriff taking bail shall be officially responsible for the sufficiency of the bail as in taking bail in civil actions.

In addition, Ark. Stat. Ann. §§ 43-704 to -705 (Repl. 1977) provide:

43-704. Examination of persons offered as bail.—The person or persons offered as bail shall be examined on oath in regard to their qualifications as bail, and any officer authorized to take bail is authorized to administer the oath, reduce the statements on oath to writing, and require the person offered as bail to sign the statement. Other proof may be also taken in regard to the sufficiency of bail.

43-705. When accepted.—No person shall be taken as bail unless the court, magistrate, or officer, is satisfied, from proof and examination on oath, of the sufficiency of such person according to the requisitions of the preceding section.

In light of the general duty of the sheriff to see that the bondsman is someone who will insure the appearance of the accused, and the sheriff's statutory duties set out above, we hold that the taking of bail by a sheriff is a discretionary act and mandamus will not lie to compel its performance. We affirm the refusal of the trial court to issue the writ of mandamus.

Affirmed in part and reversed in part.

PURTLE, J., concurs.

JOHN I. PURTLE, Justice, concurring. I concur only to point out that the parties who denied a duly licensed bonding company the right to make a particular bond had to do so under the color of law. Also, it appears that after some kind of secret proceeding, the sheriff decided one of his deputies had been bribed by one of the bonding company employees. Thereafter, the sheriff treated all employees of the bonding company and the owner as though an actual trial had established that all had been in on the act of bribery. By the same process of reasoning all members of the sheriff's department, including the sheriff, should be treated as if they all had accepted the bribe. Such acts and conclusions are not

in keeping with our goals of equal protection and justice for all.